**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 13-CR-28-JED-8 |
| v. ) | |
| ) | |
| SERGIO GONZALEZ, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant Sergio Gonzalez's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion") (Doc. 1705). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." For the reasons set forth below, the Motion is denied.

**I.    Background**

On October 15, 2014, Gonzalez was charged in the Sixth Superseding Indictment with one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii) (Count 1), and with ten counts of use of a communication facility in committing, causing and facilitating the commission of a drug trafficking felony in violation of 21 U.S.C. § 843(b) (Counts 157, 174, 178, 216, 228, 230, 235, 236, 237, and 238). (Doc. 638).

On August 27, 2015, Gonzalez entered a voluntary plea of guilty to Count 1 of the Sixth Superseding Indictment, without a plea agreement. In exchange, the remaining ten counts

against him were dismissed. On December 1, 2015, the Court sentenced Gonzalez to 120 months in federal prison. (Doc. 1530). On January 25, 2016, Gonzalez filed a Motion to Modify and Reduce Sentence under 18 U.S.C. § 3582 (Doc. 1655), which the Court dismissed for lack of jurisdiction (Doc. 1672).

Gonzalez's Motion is timely as he filed it within the one-year statute of limitations applicable to Section 2255. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a judge who receives a Section 2255 motion "to promptly examine it. If it plainly appears from the motion [and accompanying papers and record] . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255, Rule 4. The judge need not direct the government to file a response unless the motion is not dismissed. *Id.* As Gonzalez is plainly not entitled to relief, the Court has not requested a response from the Government, and the Government has not filed one.

Gonzalez requests that the Court vacate, set side, or correct his sentence pursuant to Section 2255, arguing that (1) he received ineffective assistance of counsel, and (2) he signed the plea without fully understanding his rights due to his limited knowledge of English.

**II.     Discussion**

    **A. Ineffective Assistance of Counsel**

Gonzalez appears to make two claims of ineffective assistance of counsel. First, Gonzalez argues that his counsel "did not help [him] to obtain the safety valve," and that "nobody explained it to [him]." (Doc. 1705 at 5). Second, Gonzalez argues that his counsel did not advise him to file a direct appeal, and that as a result, he missed his opportunity to file a direct appeal. (*Id.*).

To establish a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Robbins*, 528 U.S. 259, 285 (2000) (the *Strickland* test applies to appellate as well as trial counsel). "There is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D.Kan. 1996), *cert. denied*, 522 U.S. 1033 (1997)). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To establish the second prong, a defendant must show prejudice resulting from counsel's performance. *Id*. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Gonzalez's first claim of ineffective assistance of counsel is predicated on his argument that his counsel did not explain to him nor help him "obtain" the safety valve. The safety valve provision under the Sentencing Guidelines allows a district court to sentence a defendant without regard to any statutory minimum sentence if the defendant meets the following five criteria:

> (1)     the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2)     the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

>   (3)   the offense did not result in death or serious bodily injury to any person;
>
>   (4)   the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
>   (5)   not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f). If the defendant satisfies all of the statutory criteria, the Sentencing Guidelines call for a two-level reduction in the defendant's base offense level. *See* U.S.S.G. §§ 2D1.1(b)(16), 5C1.2(a).

At the sentencing hearing, counsel for Gonzalez informed the Court that he had advised Gonzalez "as to the ability that one would have under our sentencing procedures to meet certain criteria that could cause the [Court] to go below the mandatory minimum," and further stated that "[Gonzalez] meets all of those criteria except for the final one that's listed as to sitting down and debriefing all of his conduct with agents." (Doc. 1625, 12/1/15 Transcript at 6:1-6). Accordingly, Gonzalez's contentions are unsupported by the record, which clearly shows that he was advised regarding the safety valve, but could not qualify for safety valve relief. There is therefore no indication that his counsel's assistance fell below an objective standard of reasonableness. Even if Gonzalez could demonstrate that his counsel's actions were deficient, he has failed to show how he was prejudiced, such as by explaining what information he would

4

have disclosed under the final criterion in order to qualify for the reduction. *United States v. Herrera-Zamora*, 2016 WL 2893727, at *5 (10th Cir. May 18, 2016) (defendant's failure to disclose to the district court which information he would have provided to the government to qualify for safety valve relief precluded his ineffective assistance of counsel claim); *United States v. Contreras-Castellanos*, 191 F. App'x 773, 777 (10th Cir. 2006) (unpublished) (same).

Gonzalez's second claim of ineffective assistance of counsel is based on his argument that his counsel failed to advise him regarding his ability to file a direct appeal of his sentence. However, Gonzalez's signed plea petition indicates the opposite is true. Specifically, the petition states that, in deciding to enter his guilty plea, Gonzalez "rel[ied] upon the following advice" from his counsel: "That without a plea agreement with the Government that would require a waiver of my appeal rights, I would not only be able to contest the calculation of the sentencing guidelines by the U.S. Probation Department, but would have the right, if I desired, to appeal any sentence to the United States Court of Appeals for the 10th Circuit." (Doc. 1298 at 2). Thus, Gonzalez's second claim also lacks merit because the record does not support his allegation, nor can he otherwise demonstrate that his counsel's performance was deficient or prejudicial.

Accordingly, Gonzalez cannot overcome the presumption that his counsel provided effective assistance because he has failed to show that his counsel's assistance fell below an objective standard of reasonableness and that he was prejudiced by his counsel's performance.

### B. Limited Knowledge of English

Gonzalez also asserts that because of his "limited knowledge of the English language and the laws," he "signed a plea without fully understanding [his] rights." (Doc. 1704 at 5). Gonzalez's claims rely solely on his own conclusory allegations without providing any specific evidence of error. This is insufficient, as a defendant must provide more than conclusory

allegations in support of a § 2255 motion. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir.2012) (stating that conclusory allegations alone are insufficient to support a § 2255 motion and that a defendant must provide facts pointing to a real possibility of error (citing Advisory Committee Note, 1976 Adoption, Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts; *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994))).

In addition, the record shows that a Spanish-speaking interpreter was present at both Gonzalez's change of plea hearing and his sentencing hearing. (*See* Docs. 1397, 1625). The record also indicates that prior to the change of plea hearing, Gonzalez was provided a translated copy of the plea petition for his review  (Doc. 1397, 8/27/15 Transcript, at 29:8-10), and an interpreter read the waiver of jury trial form to Gonzalez in Spanish (*id.* at 9:21-23). Further, at the change of plea hearing, with the interpreter's assistance, Gonzalez was able to engage with the Court and provided affirmative responses to the Court's questions regarding his understanding of the charges against him and his rights. Notably, Gonzalez has not alleged any deficiency with the interpreter's performance at either his change of plea or sentencing hearing. Thus, it is clear that Gonzalez has failed to present sufficient facts to support his claim that his limited knowledge of English warrants the granting of his Motion.

### III.  Conclusion

For the reasons discussed, defendant Gonzalez's claims are without merit and his plea without defect.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1705) is **denied**. A separate judgment is entered herewith.

**SO ORDERED** this 21st day of July, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

6